UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80139-Cr-Rosenberg/Reinhart

UNITED STATES OF AMERICA

vs.

MARY BETH MCMANUS,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America, by and through the Office of the United States Attorney for the Southern District of Florida (hereinafter "Office"), the Tax Division, Department of Justice, and Mary Beth McManus (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the one count Criminal Information charging her with tax evasion, in violation of Title 26, Section 7201.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that

1

advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that pursuant to Title 26, United States Code, Section 7201, the defendant may be sentenced on the Information to a maximum term of five years' imprisonment, followed by a term of supervised release of up to three years, and a fine not to exceed $250,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the court as to the reasons for her failure to pay.

5. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury,

2

or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

6. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may not object to a downward variance and/or make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions or support any such variance, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

7. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the

3

defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

8. The Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative acceptance of personal responsibility, so long as the defendant meets the conditions below. The defendant also understands that if at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The defendant understands that the United States will not be required to make the aforementioned recommendation or motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities.

12. The United States agrees to cap its sentencing recommendation at the low end of the advisory Guidelines range determined by the Court at sentencing.

13. Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the amount of the tax loss caused by the defendant's conduct, as calculated by the Court under Section 2T1.1 of the Sentencing Guidelines, pursuant to 18 U.S.C. § 3663(a)(3). The following provisions relating to restitution apply:

5

      a.      The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The Internal Revenue Service ("IRS") will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

      b.      The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. She understands and agrees that the plea agreement does not resolve her civil tax liabilities, that the Internal Revenue Service may seek additional taxes, interest, and penalties from her relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that the satisfaction of the restitution debt does not settle, satisfy, or compromise her obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

      c.      The defendant understands that she is not entitled to credit with the IRS for any payment made until the IRS receives the payment.

d. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate, and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

e. If the defendant makes a payment of the restitution prior to sentencing, the payment will be applied as a credit against the restitution ordered by the Court.

f. Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of Court at the following address:

U.S. District Clerk's Office
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401

g. With each payment to the Clerk of Court made pursuant to the Court's restitution order, the defendant will provide the following information:

    i. Her name and Social Security number;
    ii. The District Court and the docket number assigned to the case;
    iii. The tax years or periods for which restitution has been ordered; and
    iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

h. The defendant agrees to include a request that the Clerk of Court send the information, along with her payment(s), to the IRS at the following address:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

14. The defendant agrees to cooperate with the IRS in its civil examination, determination, assessment, and collection of income taxes related to the defendant's 2010, 2011, 2012, 2013, 2015, 2016, 2017, 2018, and 2019 personal income tax returns, and any returns related to Embassy Entertainment for the quarter ending September 30, 2011 through the quarter ending December 31, 2013, and the quarter ending June 30, 2015, through the quarter ending December 31, 2016, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the defendant's individual and corporate/entity tax liabilities concerning the time periods described in this paragraph.

15. Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

16. The defendant agrees that any statements made by the defendant to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no

circumstances shall the defendant be released from the agreements and waivers made by the defendant in this and the preceding two paragraphs.

17.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18. This is the entire agreement and understanding between the United States and the defendant.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 09/26/2023     By: *Mark Dispoto*
                         MARK DISPOTO
                         ASSISTANT UNITED STATES ATTORNEY

Date: 09/26/2023     By: *Andrew Ascencio*
                         ANDREW ASCENCIO
                         FRANCESCA BARTOLOMEY
                         TRIAL ATTORNEYS
                         U.S. DEPARTMENT OF JUSTICE –
                         TAX DIVISION

Date: 5/11/23        By: _____
                         JEFFREY NEIMAN, ESQUIRE
                         ATTORNEY FOR DEFENDANT

Date: 5-9-2023       By: _____
                         MARY BETH MCMANUS
                         THE DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-XXX-cr-XX

23-80139-Cr-Rosenberg/Reinhart

UNITED STATES OF AMERICA

v.

MARY BETH MCMANUS,

    Defendant.
_____/

## FACTUAL PROFFER

Mary Beth McManus (hereinafter referred to as "Defendant"), her counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven beyond a reasonable doubt, the following facts, which occurred in Palm Beach County, in the Southern District of Florida:

1. The Defendant has been in the business of preparing tax returns for over two decades. Since at least 2007, she has operated a business called Stonebridge Wealth Management, Inc. ("Stonebridge") in West Palm Beach, Florida, within the Southern District of Florida.

### Personal Income Taxes

2. On or around November 2012, the Defendant filed Forms 1040 – U.S. Individual Income Tax Returns – for tax years 2010 and 2011 but did not remit full payment to the IRS for her self-assessed tax liability.

3. On or around December 2014, the Defendant filed Forms 1040 – U.S. Individual Income Tax Returns – for tax years 2012 and 2013 but did not remit full payment to the IRS for her self-assessed tax liability.

2

4. On or around February 27, 2017, following a civil tax examination, the IRS assessed the Defendant with additional personal income tax liability for tax years 2010 and 2011.

5. On or around April 10, 2017, following a civil tax examination, the IRS assessed the Defendant with additional personal income tax liability for tax year 2012.

6. The IRS levied bank accounts used by the Defendant to collect personal income tax liabilities on July 24, 2018, and September 4, 2018.

7. On or around September 2019, the Defendant filed Forms 1040 – U.S. Individual Income Tax Returns – for tax years 2016 and 2017 but did not remit full payment to the IRS for her self-assessed tax liability.

8. On or around February 24, 2020, following a civil tax examination, the IRS assessed the Defendant with additional personal income tax liability for tax year 2015.

9. On or around July 2020, the Defendant filed Forms 1040 – U.S. Individual Income Tax Returns – for tax year 2019 but did not remit full payment to the IRS for her self-assessed tax liability.

10. On or around September 13, 2021, following a civil tax examination, the IRS assessed the Defendant with additional personal income tax liability for tax year 2018.

### Employment Taxes

11. On or about April 29, 2010, Dion De Cesare along with two partners caused the formation of an entity called Embassy Entertainment, LLC ("Embassy"). Embassy was the holding company for a bar and nightclub known as Renegades located in West Palm Beach, Florida. Shortly thereafter, the Defendant joined Embassy as an additional partner.

3

12. The day-to-day operations of Embassy were controlled by De Cesare. The Defendant handled the books for Embassy and prepared its tax returns through at least June 2012 and then again from the end of 2014 on. De Cesare and the Defendant had signature authority over Embassy's bank accounts and bank accounts for other affiliated entities.

13. From the third quarter of 2011 through the fourth quarter of 2013 and from the second quarter of 2015 through the fourth quarter of 2016, the Defendant and De Cesare failed to file Forms 941 with the IRS, and they failed to fully pay over Embassy's employment taxes to the IRS by the required deadlines.

14. On or about August 8, 2017, an IRS revenue officer assessed the Defendant and De Cesare with a Trust Fund Recovery Penalty. This penalty was assessed to each of them individually.

### Evasive Acts

15. In March of 2017, the IRS levied bank accounts in the name of Embassy to collect on its outstanding employment tax liabilities. On or about March 9, 2017, the IRS secured $10,463 via levy from a PNC Bank account ending in 3609 in the name of Embassy controlled by De Cesare and the Defendant.

16. On or about May 12, 2017, De Cesare informed the Defendant via text message that the IRS had levied funds from the PNC Bank account ending in 3609 in the name of Embassy they controlled, and the Defendant responded by suggesting she move money into a PNC Bank account ending in 5885 in the name of Median Automotive Group, another bank account they controlled, as follows:

> De Cesare: […] the IRS went in and plucked my accounts again

4

McManus: [...] Should I move money from embassy to median?

De Cesare: Yes

McManus: I just moved 25K

17. In accordance with this exchange, on or about May 12, 2017, the Defendant transferred $25,000 from a PNC Bank account ending in 3609 titled in the name of Embassy to a PNC Bank account ending in 5885 titled in the name of Median Automotive Group.

18. On or about May 15, 2017, the Defendant transferred an additional $10,000 from the same PNC Bank account ending in 3609 titled in the name of Embassy to the same PNC Bank account ending in 5885 titled in the name of Median Automotive Group.

19. On or about May 17, 2017, the Defendant transferred an additional $5,000 from the same PNC Bank account ending in 3609 titled in the name of Embassy to the same PNC Bank account ending in 5885 titled in the name of Median Automotive Group.

20. The Defendant made these transfers to prevent the IRS from levying the funds and to evade the payment of taxes owed by Embassy as an employer and the Defendant and De Cesare as persons responsible for the payment of employment taxes at Embassy.

21. On or about July 24, 2018, the IRS secured $16,601 via levy from a Seacoast bank account ending in 5188 in the name of Stonebridge under the Defendant's control. On or about September 4, 2018, the IRS secured via levy an additional $2,186 from the same account.

22. On September 7, 2018, the Defendant directed her employee to open a Seacoast bank account ending in 7821 in the name of an LLC the employee had previously created at the Defendant's direction.

5

23. From September 20, 2018 through on or about April 15, 2022, the Defendant transferred, and caused the transfer of, funds out of the Seacoast Bank account ending in 5188 into another Seacoast Bank account ending in 7821 titled in the name of the nominee LLC but under the control of the Defendant.

24. The Defendant made these transfers, at least in part, to avoid IRS levies and evade the payment of taxes owed by herself as a person responsible for the payment of employment taxes at Embassy and taxes owed for her personal income tax liabilities.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 09/26/2023     By: *Mark Dispoto*
                         MARK DISPOTO
                         ASSISTANT UNITED STATES ATTORNEY

                         *Andrew Ascencio*
                         ANDREW ASCENCIO
                         FRANCESCA BARTOLOMEY
                         TRIAL ATTORNEYS
                         UNITED STATES DEPARTMENT OF JUSTICE
                         TAX DIVISION

Date: 5/11/23        By: _____
                         JEFFREY NEIMAN, ESQUIRE
                         ATTORNEY FOR DEFENDANT

Date: 5-11-2023      By: _____
                         MARY BETH MCMANUS
                         DEFENDANT